Duncan v. Johnson.

---

JOSEPH DUNCAN, *Appellee*, v. JOHN L. JOHNSON, *Appellant*.

No. 17,833.

SYLLABUS BY THE COURT.

1. SPECIAL FINDINGS—*Should Contain Conclusion of Facts—Not the Evidence Thereof.* Special findings should contain the facts and not the evidence thereof, but when it appears that the trial court must have believed the things shown by such evidence, no prejudicial error was committed in refusing to find the ultimate facts instead of their evidentiary basis.

2. CONFLICTING CLAIMS—*Conflicting Evidence—Decision Must Stand.* Two conflicting claims were made respecting a land transaction, one amounting to an ownership in common, the other to a separate title in the defendant. Each claim was supported by competent evidence and the trial court, having seen and heard the claimants, believed the former, and decided accordingly. *Held,* that such decision must stand.

3. RESULTING TRUST — *Under Verbal Agreement — Statute of Frauds.* When two parties purchase a tract of land for their mutual profit and the consideration is paid by one of them and the deed made to him with the verbal agreement that he is to hold for both unless other arrangements are subsequently made, the statute of frauds does not preclude an action by the other party to be adjudged the owner of an undivided one-half of the land, and for an accounting.

Appeal from Saline district court. Opinion filed March 8, 1913. Affirmed.

*David Ritchie,* and *Z. C. Millikin,* both of Salina, for the appellant.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for the appellee.

The opinion of the court was delivered by

WEST, J.: Duncan sued Johnson for an adjudication that he was the owner of the undivided half of the land in controversy and for an accounting, alleging that after certain transactions and agreements the deed was made to the defendant, who paid the purchase price upon the understanding that in case he should not conclude to keep the land for his own he should be repaid plaintiff's share of the purchase money, but otherwise he could make settlement when they had agreed upon the terms, and that until such determination and settlement he was to hold the title for the benefit of both. The court made findings of facts and concluded as a matter of law that plaintiff was the owner of an undivided half of the quarter section involved, and that he should pay the defendant $2121.75 with interest, which should be a lien upon the land. It was found that the parties entered into a partnership for the purpose of speculating in real estate, and purchased the land for that purpose.

The principal contention centers upon finding No. 13, which was as follows:

"At the time of the delivery of said deed to said real estate, defendant stated to plaintiff that in case it was decided that said defendant should not keep the land as the sole owner thereof plaintiff could pay to defendant plaintiff's share of the purchase price of the land. Defendant further stated at that time that should it be decided that he, the defendant, was to keep the land as the sole owner thereof, a settlement could be made between them when they had agreed upon the terms on which defendant should keep the land as the sole owner thereof."

It is complained that this finding consists of evidence rather than of facts, and that the court, upon the defendant's request, should have made it more specific, definite and certain by finding the ultimate facts. The defendant also contends that this finding, with others, is unsupported by the evidence, and it is insisted that the court erred in finding that a partnership existed, as the constituent elements of the partnership were not disclosed by the evidence, and numerous reasons are assigned for this contention.

Briefly stated, the testimony shows that the parties agreed to buy the land as a matter of speculation; that afterwards Johnson concluded that he might desire to keep it for himself, and after numerous attempts to sell at an advance the deed from the owner was made to Johnson, and he paid the consideration. As to whether or not at that time the agreement was that he was to be the owner, or that the land was to remain the property of the two, subject to subsequent settlement, was the vital point in the case, on which the testimony was in irreconcilable conflict. The court having heard the parties tell their own stories, and having considered all the facts and circumstances shown, decided in favor of the plaintiff, and required the defendant to make good his share of the purchase price. There can be no question that this finding is so supported by the evidence that under the well-settled rule it must stand.

The defendant's criticism that the finding in question was not the ultimate facts, but the statements of the parties, amounting to evidentiary matter, is justified. However, from the record it appears clearly enough that the trial court believed from the evidence the ultimate facts which would necessarily arise from the evidence stated in the findings, and therefore nothing beneficial to the defendant could have been accomplished by complying with his request to make definite and certain.

McClain v. Railway Co.

Defendant's counsel, with his usual learning and ability, points out many reasons, supported by authority, why the relation of the parties should not properly be called a partnership; but whether their dealing amounted to a joint adventure, or something properly characterized by another term, makes no material difference, as the question still remains whether one of the parties owned all the land or whether both owned it in common. The court having taken the latter view, supported by the evidence, as already indicated, we find no material error prejudicial to the defendant.

The land being owned in common by the parties in pursuance of their agreement to handle it for their mutual profit, unless they should subsequently agree that it should belong to the defendant, the statute of frauds is out of the case, and need not be considered.

The judgment is affirmed.