S. C. HOLMES, *Appellant,* v. J. C. CULVER et al.,
*Appellees.*

No. 17,693.

SYLLABUS BY THE COURT.

1. ACTION—*To Establish Partnership and For an Accounting— Not Barred by Two-year Statute of Limitations.* An action to establish the existence of a partnership between the plaintiff and the defendant, to establish the plaintiff's interest in property claimed to belong to the partnership, and for an accounting is not one for relief on the ground of fraud and is not governed by the statute of limitations relating to actions of that character.

2. ATTORNEY—*Purchase of Subject Matter of Action from Client.* The rules of law stated in *Yeamans v. James,* 27 Kan. 195, relating to the purchase by an attorney from his client of the subject matter of his employment, approved and applied.

3. TRIAL—*Evidence Sufficient as Against Demurrer.* The evidence for the plaintiff examined and held to be sufficient as against a demurrer to it interposed by the defendant.

4. DEMURRER—*Trial Court Should Specify Grounds of its Ruling Thereon.* Although the code does not so require, good practice requires that when a demurrer to the evidence is sustained the court specify what the defect in the proof is, if an essential fact has been omitted, and what its view of the law is if the question be as to the law which governs.

Appeal from Woodson district court. Opinion filed June 7, 1913. Reversed.

*G. R. Stephenson,* and *S. C. Holmes,* both of Yates Center, for the appellant.

*G. H. Lamb, W. E. Hogueland, J. C. Culver,* all of Yates Center, and *S. A. Gard,* of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was commenced by the plaintiff to establish his interest in a tract of land as a partner of the defendant, for an accounting, and for other

relief.   The court sustained a demurrer to the plaintiff's evidence and rendered judgment against him, and he appeals.

The plaintiff is an attorney at law and in the year 1901 brought a suit to recover judgment upon a promissory note and to foreclose a mortgage securing it for a client in Pennsylvania.   After judgment had been rendered in favor of the client the plaintiff procured an assignment of it to be made to the defendant, who furnished the consideration therefor.   The arrangement between the plaintiff and the defendant was that the land involved in the suit should be purchased at the foreclosure sale, the title to be taken in the defendant's name and the plaintiff to perform the necessary legal services.   Thereafter the land was to be partnership property, the plaintiff and the defendant to share revenues and expenses equally.   When a satisfactory price could be secured the land was to be sold.   Net revenues from the land, including the proceeds of any sale which might be made, were to be applied first to reimburse the defendant for the sum advanced to buy the judgment, without interest.   After that the profits were to be divided.   This contract was carried out by both parties until the year 1906, when the defendant deeded the land to Hiram Waymire without the plaintiff's knowledge or consent.   Afterwards Waymire died, and his heirs are parties to the suit, which was commenced in 1909.

It is elementary that when considering the demurrer the court was not at liberty to weigh the evidence.   If the various elements of the cause of action pleaded were supported by any evidence favorable to the plaintiff or from which inferences favorable to the plaintiff could be drawn, the case should have been disposed of on its merits.

Without going into details it is sufficient to say that the evidence was ample to prove partnership.   It was also sufficient to warrant the inference that Waymire

took title with knowledge of the plaintiff's rights. The plaintiff's account of a conversation between himself and the defendant occurring in Waymire's presence at his place of business before he received his deed, the terms of the deed itself, and the relations shown to have existed between Waymire and the defendant were sufficient to sustain a conclusion that Waymire was not an innocent purchaser.

It is argued in support of the court's ruling that the action was one for relief on the ground of fraud and consequently that it was barred by the two-year statute of limitations applying to that subject. The Waymire heirs did not plead the statute of limitations. The defendant did plead the bare conclusion that the action was barred. Treating the conveyance to Waymire as a fraud upon the plaintiff there was no evidence to show that he delayed action more than two years after discovering it. But beyond this, the action was not one for relief on the ground of fraud. It was one to establish the partnership, to establish the plaintiff's interest in the land, and for an accounting, and the right to maintain such an action was not qualified by either the presence or absence of fraud.

It is further argued that no right to relief was established because the value of the land was not proved. Since there was evidence to show that Waymire was not an innocent purchaser the plaintiff was entitled to recover one-half the land, whatever its value, and to have the rents and profits accounted for which the proof tended to show the defendant had received.

Finally it is argued that the plaintiff violated his professional duty to his client in buying the judgment, and consequently that the law will leave him where it finds him. The rules applicable to transactions of this character are well stated in the first three paragraphs of the syllabus of the case of *Yeamans v. James,* 27 Kan. 195. The proof was sufficient to show that the sale of the judgment was beneficial to the owner and

that a just and adequate price was paid. The plaintiff's account of his correspondence with his client was not very satisfactory, but the fair inference to be derived from the testimony is that no advantage was taken of her and that her interests and desires were both promoted.

No other deficiencies in the plaintiff's evidence having been pointed out, the judgment of the district court is reversed and the cause is remanded for a new trial.

It is quite possible that the particular matter which led the trial court to sustain the demurrer to the evidence has not been touched upon because there is nothing in the record to indicate the basis of that ruling. When a demurrer to the evidence is sustained the court ought to specify what the defect in the proof is, if an essential fact has been omitted, and what its view of the law is if the question be as to the law which governs. It would be much fairer to the parties and to this court if the practice suggested were adopted. In some cases the necessary proof might be supplied; in others an appeal might be forestalled. Should an appeal be taken the expense might be greatly reduced, and besides, the parties and this court would not be left in the dark. It is true that the code does not impose this requirement upon district judges, but all those who have the opportunity ought to do whatever they can, in a legitimate way, to improve the administration of justice without waiting for tardy acts of legislation.

NOTE.—Case No. 17,799, *In re* WILCOX, covering pages 702-711, inclusive, is withdrawn from this volume and printed in volume 90, pages 95-104.