Bird v. Wilcox.

No. 22,145.

WALTER BIRD, *Appellee,* v. H. E. WILCOX and CHARLES STERN-BERG, *Appellants.*

SYLLABUS BY THE COURT.

1. PARTNERSHIP — *Action for An Accounting* — *Pleadings.* The petition considered, and held to state a cause of action by an excluded partner for a partnership accounting and for recovery from his associates of his share of the proceeds of the partnership business, notwithstanding omission of a formal allegation of the existence of a partnership.

2. SAME—*Agreement Not in Writing—Statute of Frauds.* The partnership agreement was not in writing, and the partnership business consisted in procuring and then selling oil and gas leases. *Held,* recovery was not barred by the fourth clause of the sixth section of the statute of frauds.

3. TRIAL—*No Error in Proceedings.* The proceedings considered, and held to be free from error prejudicial to the defendants.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 10, 1919. Affirmed.

*J. B. Tomlinson,* of Independence, for the appellants.

*A. L. Billings,* of Independence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by an excluded partner for an accounting and for recovery from his associates of his share of proceeds of the business. The plaintiff recovered, and the defendants appeal.

While the charging part of the petition did not use the word partners, or the word partnership, it stated in full the facts concerning the relationship of the parties, and disclosed a partnership. Besides this, the petition alleged a demand for a partnership settlement and accounting, and the prayer for relief contained the characteristic words of a petition for relief respecting partnership affairs. Consequently, it was proper. for the court to instruct the jury on the subject of partnership.

The partnership agreement was not in writing. The partnership business consisted in procuring oil and gas leases from landowners, and then selling the leases. The action was for recovery of proceeds of leases which had been procured and sold. While the leases themselves were, as between lessor and lessee, within the fourth clause of the sixth section of the statute of frauds (Gen. Stat. 1915, § 4889), because real estate was involved, that clause did not apply to the personal relations and obligations created by the agreement .to deal in such instruments and divide the profits.

An instruction limiting recovery by the plaintiff to certain subjects was not ambiguous or misleading. No prejudicial error is disclosed in the admission of evidence. The evidence was ample to sustain the verdict. The defendants cannot complain because the jury did not allow the plaintiff for his expenses, in addition to a share of those proceeds of the business which the defendants collusively and fraudulently appropriated. The plaintiff was entitled to judgment against both defendants, which will be discharged by a single satisfaction.

The judgment of the district court is affirmed.