No. 22,888.

J. J. CRAWFORD, *Appellant,* v. SYLVESTER W. FORRESTER (et al.), *Appellee.*

#### SYLLABUS BY THE COURT.

CONTRACT—*Relating to Oil and Gas Leases—Petition States Cause of Action.* The petition examined, and held to state a cause of action by one joint adventurer against his coadventurer, for the value of oil and gas leases appropriated by the defendant, contrary to the terms of an oral contract, the subject matter of which was acquisition of a block of leases, development, sale of some leases, retention of others, disposition of proceeds of sale, and division of interest in leases retained.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed January 8, 1921. Reversed.

*Robert Stone, E. H. Gamble, George T. McDermott,* and *Robert L. Webb,* all of Topeka, for the appellant.

*A. A. Godard,* and *J. Arthur Myers,* both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the value of an interest in certain oil and gas leases owned by the plaintiff and appropriated by the defendant, and for other relief. A demurrer to the petition was sustained, and the plaintiff appeals.

The petition contained some irrelevant and much evidentiary matter, part of which, at least, appears to have been inserted under order of court procured by the defendant. The essence of the petition follows.

The defendant owned some oil and gas leases in the Marion county field, which he was obliged to develop or he would forfeit them. The plaintiff was a driller who owned developing equipment. They agreed to procure other leases, to be taken for convenience in the defendant's name, until his holdings constituted a block of approximately 2,500 acres. The plaintiff was to begin drilling within ninety days from the date of the agreement. Out of the block of leases the defendant was to sell enough to bring $25,000, to be paid to the plaintiff. All remaining leases were to be assigned to the plaintiff, who was to own 52 per cent and the defendant 48 per cent. If the defendant failed to pay the plaintiff $25,000, his interest was to be reduced in proportion to the amount unpaid. When sufficient leases were procured, the agreement, which was oral, was to be reduced to writing. The plaintiff coöperated with the defendant in procuring some additional leases, and the defendant obtained others. The plaintiff prepared to drill, incurred much expense in doing so, and submitted to the defendant a form of written contract. The plaintiff then discovered the defendant had disposed of all the leases, in a manner to place them beyond the plaintiff's reach.

It is perfectly clear that we have here a consummated contract, acted on and partially carried out by both parties. It was of no consequence that preparation of formal evidence of the contract was postponed, or that the particular status of the venture at the time the writing was to be signed could not be known. The subject matter of the contract—acquisition of a block of leases, development, sale of some leases, retention of others, disposition of proceeds of sale, and division of interest in leases retained—was perfectly definite.

The contract was not affected by the statute of frauds, because it dealt with the personal relations of joint adventurers, and not with the sale of real estate. (*Duncan v. Johnson,* 89 Kan. 21, 130 Pac. 655; *Bird v. Wilcox,* 104 Kan. 799, 180 Pac. 774; *Goodrich v. Wilson,* 106 Kan. 452, 188 Pac. 225.)

Development operations by the defendant did not constitute

a condition precedent to his acquisition of an interest in the leases. Such operations were merely a feature of the venture, and the plaintiff's interest attached when the oral agreement was made to all leases the defendant then owned, and attached to all others that were procured when they were procured.

When the defendant converted all the leases to his own use, there was no place for the plaintiff to drill, and the allegation that he was ready, able, and willing to drill, was sufficient to give him proper standing in court.

It appears that the form of written contract which the plaintiff submitted for signature contained some details, common to such instruments, not embraced in the oral agreement, and did not correspond in all particulars with the oral agreement. The fact remains that an oral agreement sufficient to support the action was made, and while the defendant may have been justified in not signing the writing, he was not justified in appropriating all the fruits of the enterprise.

It is not necessary to consider in detail all the objections to the petition urged in the defendant's brief. The action was commenced in time. The petition stated a cause of action entitling the plaintiff to the relief prayed for, and if the defendant desires to raise the question of no contract, or breach by the plaintiff, or estoppel, it will be necessary for him to do so by answer.

The judgment of the district court is reversed, and the cause is remanded, with direction to overrule the demurrer.