No. 33,777

Karl F. Flitch, *Appellant,* v. E. E. Boyle, L. S. Boyle and C. A. Noll, *Appellees.*

(78 P. 2d 9)

Opinion filed April 9, 1938.

E. C. Flood, Clayton S. Flood, both of Hays, Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris and John F. Eberhardt, all of Wichita, for the appellant.

Delmas Haney, J. H. Jenson and Paul Ward, all of Hays, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment sustaining a demurrer to a petition in an action wherein plaintiff sought an adjudication of his alleged partnership rights in certain oil and gas property, the legal title to which is now held by defendant.

Plaintiff's petition alleged that in 1928 plaintiff and one E. E. Boyle agreed to embark on a joint adventure whose purpose was to

procure oil and gas leases and royalty interests in Ellis and other western Kansas counties and to hold and later dispose of them at a profit to their mutual advantage. Plaintiff's contribution to this joint adventure was to be that of locating and procuring such oil and gas interests, and Boyle's contribution was to be that of advancing the requisite funds to pay for them. Boyle was to take title in his own name, and when any property so acquired should be sold at a profit, Boyle was to be recouped for his cash outlay and the net profit divided between them.

On November 17, 1928, pursuant to this agreement plaintiff found a 200-acre tract of land in Ellis county on which one Scanlon held both the lease and royalty rights. Scanlon was willing to sell one fourth of the royalty interest for $1,000, and also to sell the lease itself for $160. Plaintiff submitted Scanlon's offer to Boyle, and a contract for the acquisition of these interests was closed, and Boyle furnished the money according to the oral arrangement between him and plaintiff. Scanlon executed a conveyance of the royalty interest on November 17, 1928, to Boyle, and the same was recorded on December 3, 1928. The petition further alleged that some two months later, on January 24, 1929, Boyle executed to his brother, L. S. Boyle, defendant herein, a deed conveying to him the royalty interest which had been acquired by the joint adventurers as set out above.

The petition continued:

"Eighth: That the conveyance as aforesaid from the defendant, E. E. Boyle, to his codefendant, L. S. Boyle, was made without any consideration whatsoever, was purely for the purpose of convenience, was not intended to convey anything except the naked legal title to said property to the said defendant, L. S. Boyle, and the said defendant, E. E. Boyle, so advised the plaintiff herein.

"That the defendant, L. S. Boyle, received title to said royalty above described as trustee for his brother, E. E. Boyle, well knowing and intending to hold as trustee only, and well knowing that the plaintiff herein had an interest in any profits which might be realized from the same, as more particularly set out in the oral contract above set forth, and that he received said conveyance and has held title to the same since the date of receipt thereof, as trustee for the codefendant, E. E. Boyle, as above set out."

The petition further alleged that oil and gas development in Ellis county has progressed since the acquisition of the aforesaid royalty interest; that it has eventually become of value far in excess of the purchase price; that plaintiff is entitled to half the profits thereof; but that defendant has refused to sell or authorize its sale and has refused to account to plaintiff for his share thereof.

Plaintiff prayed for an adjudication of his interest, and for judgment that defendant holds the legal title for his benefit and that of E. E. Boyle; that the joint adventure between plaintiff and E. E. Boyle be dissolved; and that the property be sold and the net profits be divided as agreed between plaintiff and E. E. Boyle. Plaintiff also prayed for whatever other equitable relief may be appropriate under the allegations of his petition.

Against plaintiff's petition summarized as above, defendant L. S. Boyle lodged a demurrer on two grounds—*first*, that it failed to state facts sufficient to entitle plaintiff to relief against him; and *second*, that the cause of action was barred by the statute of limitations.

The demurrer was sustained and the cause comes before us for review.

At the outset it should be observed that as against a demurrer a liberal construction should be given to plaintiff's petition. (*Ball v. Oil & Gas Co.*, 113 Kan. 763, 216 Pac. 422; *Downey v. Phillips*, 137 Kan. 362, 20 P. 2d 453.) The facts alleged in the petition and conceded to be true for the purposes of the demurrer show that the arrangement between plaintiff and E. E. Boyle whereby the royalty interest was acquired by them was in the nature of a joint adventure which is essentially that of a partnership. (*Tenney v. Simpson*, 37 Kan. 579, 15 Pac. 512; *Crawford v. Forrester*, 108 Kan. 222, 194 Pac. 635; *Shoemake v. Davis*, 146 Kan. 909, 73 P. 2d 1043.) In 1 Beach on Trusts and Trustees, section 91, it is said:

"Where two or more persons are conducting business as partners, and the business is managed by one of the partners with the consent of the others, and having entire control, his relations to the other members of the firm become fiduciary. He may be required to render an account of the business as trustee for his copartners, and he cannot refuse to account for the profits of the business, or to make an equitable division with the other partners on the ground of the illegal character of the original contract between the parties. Where there was an agreement to purchase lands as a speculation, the lands to be sold within five years and the net proceeds to be equally divided between the party furnishing the money and the one who purchased the land, it was held that the partner who furnished the money and held the title held it as trustee, and was accountable to his partner for a division of the profits according to the contract."

Between the parties to such a contract the statute of limitations would not begin to run until some breach of trust or of other fiduciary duty owed by one of the joint adventurers to the other had been committed, nor until the latter had been apprised of it or of facts

. which prudently should have put him on inquiry. In *Cooley v. Gilliam,* 80 Kan. 278, 102 Pac. 1091, it was said:

"Ordinarily the period of time limited for the commencement of an action against a trustee does not begin until he repudiates the trust or denies his liability, and it should appear that the beneficiary had, or ought to have had, knowledge of such repudiation or denial before the statutory period begins to run." (Syl. ¶ 3.)

To the same effect was *Mayse v. Minneola Coöp. Exchange,* 139 Kan. 24, 30, 30 P. 2d 120. See, also, *Miller v. Cloney,* 123 Kan. 538, 541, 256 Pac. 159, and citations.

The petition alleges and the demurrer admits that defendant knew of plaintiff's interest at the time the title was transferred to him; that it had been so placed in his name to serve some convenience of his brother, E. E. Boyle, and that he paid no consideration for it. Is he then in any stronger or better position than his brother, in whose name the title had been taken by agreement of the joint adventurers?

Here the matter of actual fraud may be ruled out as nonexistent. Nevertheless, the pleaded facts that defendant merely took title to serve his brother's interest, that he paid no consideration, and that he was fully apprised of plaintiff's interest, make it apparent in equity and good conscience that defendant holds the title precisely as E. E. Boyle held it—for the benefit of plaintiff and E. E. Boyle in accordance with their agreement pursuant to which that property was acquired in 1928.

In *Holmes v. Culver,* 89 Kan. 698, 133 Pac. 164, plaintiff Holmes and defendant Culver made an agreement to purchase land at a foreclosure sale, and that Culver should furnish the purchase price and that the title should be taken in his name; that the land should be held as partnership property; that the parties should share revenues and expenses jointly; that the land should be sold when a satisfactory price could be obtained; and that Culver should then be reimbursed for the purchase price, and the profits divided. Five years after this arrangement was made, without plaintiff's knowledge or consent, Culver sold the land to one Waymire, but the latter was aware of plaintiff's interest in the property. In the action which ensued to establish plaintiff's interest, Waymire's heirs were impleaded, and separately answered with a general denial. (Files of State Library.) A demurrer to plaintiff's evidence was sustained, but that ruling was reversed by this court, where we held that it was error to dispose of the case on a demurrer; it should have been

adjudicated on the merits; and that the evidence was "sufficient to warrant the inference that Waymire took title with knowledge of the plaintiff's rights"; and was also sufficient "to sustain a conclusion that Waymire was not an innocent purchaser." (pp. 699, 700.)

The lawbooks are laden with cases holding that one who acquires title to property with knowledge of a third party's interest therein takes it subject to such third party's interest, and he can be compelled to convey the legal title to the party entitled thereto. (*Winkfield v. Brinkman,* 21 Kan. 682; *Bank v. Woodrum,* 60 Kan. 34, 55 Pac. 330.) In *Kaufman v. Catzen,* 81 W. Va. 1, 94 S. E. 388, L. R. A. 1918B 672, it was held:

"A purchaser of social property and business from one partner or adventurer, with knowledge of the right and title of the other who has been excluded from the enjoyment thereof, or of facts sufficient to put him upon inquiry as to the rights of the excluded party, takes it subject to such rights." (Syl. ¶ 7.)

In *United States v. Dunn,* 268 U. S. 121, 45 S. Ct. 451, 69 L. Ed. 876, 882, Mr. Justice Stone quoted from the old English case of *Pennell v. Deffell,* 4 De G. M. & G. 372, 388, 43 Eng. Reprint, 551, thus:

"It is . . . an undoubted principle of this court that, as between *cestui que trust* and trustee and all parties claiming under the trustee, otherwise than by purchase for valuable consideration without notice, all property belonging to a trust, however much it may be changed or altered in its nature or character, and all the fruit of such property, whether in its original or in its altered state, continues to be subject to or affected by the trust."

In 33 C. J. 873-874 it is said:

"One who buys land from the holder of the legal title with knowledge that the property is the subject of a joint adventure, or with knowledge of facts which puts him upon inquiry as to the seller's power to convey, takes the property subject to the rights of the seller's associates therein; and for their benefit equity will impress a trust upon the property and enforce the same against the purchaser."

Without appropriate allegations in the pleadings, there might be room for an inference that E. E. Boyle breached his trust as title-holding partner of plaintiff the moment he transferred the royalty interest to this defendant, so as to set the statute of limitations in motion. Under the pleadings in this case—the petition and the demurrer—no such inference is permissible. (4 Bogert on Trusts and Trustees, p. 2760.)

The judgment is reversed and the cause remanded to the district court with instructions to set aside its ruling on the demurrer and for further proceedings consistent therewith.