No. 36,026

KATHERINE STAAB, JULIA STAAB, ELIZABETH STAAB BERENS, MARIE STAAB DWYER, and ALOIS W. STAAB, *Appellees*, v. ALEX V. STAAB, JOHN C. STAAB, and CHRISTINA STAAB, His Wife, *Appellants*.

(145 P. 2d 452)

Opinion filed January 22, 1944.

*Henry F. Herrman,* of Hays, and *Jerry E. Driscoll,* of Russell, were on the briefs for the appellants.

*D. M. McCarthy,* of Hays, and *E. H. Hatcher,* of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to enforce a trust relating to land. Plaintiffs prevailed and defendants appeal.

The action was instituted by Katherine Staab, Julia Staab, Elizabeth Staab Berens, Marie Staab Dwyer, and Alois W. Staab, sisters and a brother of the defendants, Alex V. Staab and John C. Staab. The defendant, Christina Staab, is the wife of John C. Staab.

The petition was originally framed as one count but was later separated into two counts over appellees' objection and as a result of motions filed by appellants to require appellees to elect or separately state and number their respective causes of action. The appeal is from orders overruling defendants' separate demurrers to each count of the third amended petition. The demurrers were all

based on four identical grounds. Only two of such grounds are urged by appellants now and it is to them that we shall direct our attention. They are that the facts alleged in each count are insufficient to constitute a cause of action and that each cause of action, if one existed, is barred by the two-year statute of limitations. (G. S. 1935, 60-306, *third.*)

The parties to this action are the same as those in *Staab v. Staab*, case No. 36,027, ante, p. 69, also decided this day. The two actions were not consolidated in the trial court or in this court. The land involved in the actions is not the same. The facts alleged in the respective petitions are substantially identical as to certain matters. The particulars with respect to which the instant petition differs from the other petition will' be noted presently. The material facts pleaded which are common to the petitions in both actions such as the confidential relation between the father and the appellant sons, the conveyance induced by that relation, the facts reflecting recognition of the trust by appellants after the father's death, the dates of such recognitions, the alleged ·breach of confidence reposed and the date thereof, the alleged fraud and the date of its discovery are all summarized in the opinion in case No. 36,027, ante, p. 69. Those allegations, being the same as those in the instant case, will be considered as a part of the petition ·in this case without repetition here.

In case No. 36,027, the father conveyed to appellants, John C. Staab and Alex V. Staab, his sons, certain other lands which he then owned. In the instant case the father did not convey land he already owned. In this case the amended petition, in substance, alleged:

On or about April 18, 1929, there was a half section of land in Ellis county which the father, Carl Staab, desired to purchase; the land was acquired by appellants for the father with the father's money on deposit in a bank and at the father's direction; the land was purchased under the agreement and with the understanding it should be taken in the name of the sons and that they would hold it in trust for the father during his lifetime, account to him for the proceeds therefrom and that at his death they would make equal division of the land among all of the children, plaintiffs and defendants.

The petition, however, further alleged:

"At the time the half section described in paragraph VI was purchased, John C. Staab had some debts outstanding against him, and for the purpose

of defeating any rights which his creditors might assert against the land, if the title was carried in his name, he had the deed made out to Christina Staab, his wife, and Alex V. Staab, his brother. Christina Staab claimed no title to the land, has no interest therein, and has exercised no control over it, but held it for John C. Staab *under the agreement which John C. Staab and Alex V. Staab had made with their father Carl Staab."* (Emphasis supplied.)

Before passing on the demurrer of Christina Staab we shall consider the demurrers of the principal appellants, John C. and Alex V. Staab. They insist the allegations of the first count of the petition do not bring the instant case within our statutory provisions recognizing a trust which arises by implication of law and that therefore (*a*) the alleged trust is unenforceable and (*b*) if once enforceable it is now barred by the two-year statute of limitations. ·(G. S. 1935, 60-306, *third.*) The pertinent statutes provide:

"No trust concerning lands *except such as may arise by implication of law* shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing." (G. S. 1935, 67-401.) (Our emphasis supplied.)

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, *subject to the provisions of the next two sections."* (G. S. 1935, 67-406.) (Our emphasis supplied.)

"Every such conveyance shall be presumed fraudulent as against the creditors of the person paying the consideration therefor; and where a fraudulent intent is not disproved, a trust shall in all cases result in favor of prior creditors to the extent of their just demands, and also in favor of subsequent creditors if there be sufficient evidence of fraudulent intent." (G. S. 1935, 67-407.)

"The provisions of the section next before the last shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee in violation of some trust shall have purchased the land with moneys not his own; *or where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof."* (G. S. 1935, 67-408.) (Our emphasis supplied.)

It will be noted section 1 does not prohibit the creation of a trust concerning land by oral agreement if it is a trust which arises by implication of law. It also will be observed section 6 is expressly made subject to the provisions of sections 7 and 8. Creditors of the father are not involved in this case and clearly section 7 does not apply. Section 8 specifies various cases to which the

provisions of section 6 shall not extend. The situation specified in the above italicized portion of section 8 covers the facts pleaded in the first count of the instant case. Therefore, the provisions contained in section 6 that "no use or trust shall result in favor of the latter," namely, in favor of the person paying the consideration, does not apply to the instant case. It follows that the question which remains is whether the facts pleaded create a trust which arises by implication of law, that is, a trust concerning land which under the provisions of section 1 may be created otherwise than in writing. We have no hesitancy in concluding the facts alleged in count one do create a trust by implication of law and we have so held. (*Staab v. Staab,* case No. 36,027, ante, p. 69.)

Appellants, however, argue such a conclusion is unsound as applied to this particular case for the reason that the italicized portion of section 8 pertains only to an agreement such as therein described which is made "without any fraudulent intent." Count one of the petition is not based upon the theory of fraudulent intent on the part of any party at the time the trust agreement was made. It is based upon: (1) The existence of a confidential relation between the aged and uneducated father and the appellant sons; (2) a transaction induced by that relation; and (3) a breach by appellants of the confidence reposed. . (*Staab v. Staab,* No. 36,027, ante.) It is true that in the instant case element (2) above stated varied somewhat in its exact character from element (2) in the other case. In the instant case the father furnished the money for the land to be purchased and to be held in trust and thereby created a transaction which at times is referred to as a resulting trust but it was nevertheless a trust which arises by implication of law and as such is expressly recognized by our statutes as above indicated.

Appellants next point out that count two alleges actual fraud from the beginning of the transaction by which title to the land was acquired from the father and hence they argue no trust could have been created under the provisions of section 8 which applies only to an agreement made "without any fraudulent intent." Clearly the phrase, "without any fraudulent intent," was intended to refer to the grantor, or to the party paying the purchase price, or some part therof, for whom the land or some interest therein was to be held in trust. In other words, the father in the instant case was permitted to create the trust in question but not for the purpose of effectuating a fraud. If the phrase, "without any fraudu-

lent intent" should be interpreted to refer to the party holding a title in trust then any person actually so holding the title for another could effectively defeat the purpose and intent of the trust statutes and acquire title to land by asserting his own fraud. Manifestly, the lawmaker did not intend such an unjust and unconscionable result.

It is true the second count alleges actual fraud on the part of appellants from the time they obtained title to the land in 1929, but the averment is not inconsistent with the father's good faith.

The instant action was filed September 11, 1941. The trial court interpreted the petition in this case as it did the petition in *Staab v. Staab*, No. 36,027, ante, namely, that it disclosed appellants' first breach of the confidence reposed under the trust agreement, set out in count one, occurred on July 11, 1941, and that on the same date appellees first discovered appellants' actual fraud alleged in count two. As previously stated, the allegations of the petitions in the two cases are identical in that respect and we agree with the trial court's interpretation of the instant petition as we did with its interpretation of the petition in the other case. It follows the instant action was filed in time upon the theory alleged in count one and count two. (*Staab v. Staab*, No. 36,027, ante, and cases therein cited.)

We now come to the order overruling the separate demurrer of the appellant, Christina Staab, wife of appellant, John C. Staab.

We previously quoted herein that portion of the petition which revealed that by reason of the fact John C. Staab desired to defeat any rights which his creditors might assert against the land in question, he took the title to the land in the name of Christina Staab, his wife, and Alex V. Staab, his brother. The petition also contained this pertinent averment:

"Christina Staab claimed no title to the land, has no interest therein, and has exercised no control over it, but held it for John C. Staab *under the agreement which John C. Staab and Alex V. Staab had made with their father Carl Staab.*" (Emphasis supplied.)

The principal argument of Christina Staab in support of her demurrer is that the petition contains no allegation she had agreed to any of the alleged transactions or that she had knowledge thereof. We think the trial court properly overruled her demurrer. We need not labor the point. The averments that Christina Staab claimed no title to or interest in the land but held the title for John C. Staab

(her husband) and held it *under the agreement* which John and Alex made with their father are, of course; conceded for the purpose of the demurrer. In the absence of any motion to make any of those averments more definite and certain we think they were sufficient to import knowledge of the trust agreement to Christina. Having knowledge thereof she acquired no better title than her husband would have acquired if the title had been taken in his name. She therefore could be compelled to account to appellees even if she actually claimed an interest in the land which, for the purpose of the demurrer, she does not. In *Flitch v. Boyle,* 147 Kan. 600, 78 P. 2d 9, where the same principle was involved in a similar trust case we held:

"One who acquires title to property with knowledge of a third party's interest therein takes it subject to such third party's interest, and he can be compelled to account to him therefor." (Syl. ¶ 4.)

It is finally urged the petition does not allege Christina made any representations in recognition of the trust agreement which tolled the statute of limitations such as the petition charged were made by Alex Staab and John Staab and that therefore the statute of limitations has not been tolled as to Christina. The petition, in substance, as previously indicated, discloses Christina claimed no title to or interest in the land but was merely a nominal titleholder for the protection of her husband's interest against the claims of his creditors and that the actual trustees, John and Alex, repeatedly acknowledged the trust until they repudiated it on July 11, 1941. Under these circumstances the contention is not good. The statute of limitations, as any other defense, can be asserted only by one who claims an interest in the subject matter of litigation and not by one who disclaims it. It is also well to remember this is not an action to set aside the deed to Christina. It is an action to impress the land involved with a trust and the real party in interest for whom Christina held the title recognized the trust and thereby tolled the statute of limitations.

As stated in *Staab v. Staab,* No. 36,027, ante, and for the reasons there indicated, the two counts in the instant petition should be tried as one cause of action. If the case is tried by a jury the instructions will, of course, cover such theories of recovery as the evidence warrants.

The judgment overruling the demurrers is affirmed.