## RHEEM v. ALLNUT et al.
### No. 5643.

Court of Appeals of the District of Columbia.
Argued Feb. 13 and 14, 1933.
Decided March 20, 1933.

Leon Tobriner and Walter N. Tobriner, both of Washington, D. C., for appellant.

E. Hilton Jackson, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from an adjudication in bankruptcy. An involuntary petition was filed against appellant February 10, 1931, and this, by leave of court, was amended the following 30th of March. Appellant moved to dismiss the petition on several grounds, and, the motion being denied and a jury waived, the evidence was heard by the court, and at its conclusion an order of adjudication entered. There are a number of errors assigned, but we think they may be all grouped under three headings: First, whether the three petitioning creditors held provable claims against appellant in excess of $500 at the time of filing the petition; second, whether the court committed error in refusing to dismiss the petition; and, third, whether the evidence established insolvency and the commission of an act of bankruptcy.

The three petitioning creditors alleged that respondent was indebted to them severally and individually by reason of their purchase from respondent of certain promissory notes purporting to be secured by certain real estate deeds of trust in which respondent was a trustee; that the real estate

securing said notes was "ample"—that is to say, was of sufficient value to insure payment of the notes at face of maturity—that, without securing payment to them of the notes, appellant released the mortgage, with the result that petitioners were without security; and that the makers were insolvent and unable to pay the notes, in consequence of which respondent became indebted to petitioners by reason of his wrongful act as on an implied contract to them as holders of the notes for their payment in full. Respondent now insists that neither at the time of filing the petition nor later did petitioners establish their claims as provided by the Bankruptcy Act (11 USCA). The argument in support of this contention was that at the most the value of petitioners' notes was the difference between their value secured and their value with only the personal liability of the maker, and, since no proof was introduced on this subject, the fact that they aggregated $500 was not shown.

The face amount of the notes was $7,000, and, if by reason of appellant's wrongful act he became liable to the holders of the notes in the value of the security released and thus lost, and such loss exceeded $500, it would follow that the amount of the claims on which the petition is based exceeded the amount required under section 59b of the Bankruptcy Act (11 USCA § 95(b). Hence we think the claims were provable claims and were sufficient to sustain the petition. This conclusion seems to us to follow necessarily from Grant Shoe Co. v. Laird, 212 U. S. 445, 29 S. Ct. 332, 53 L. Ed. 591, and Clarke v. Rogers, 228 U. S. 534, 33 S. Ct. 587, 57 L. Ed. 953, for we think it cannot be doubted that, in a case in which a trustee in a deed of trust has wrongfully released the security so that it is lost, the holder of the notes secured may sue him for the damages thus sustained for money had and received on an implied contract, and a claim thus arising on an implied contract is provable in bankruptcy under section 63a (11 USCA § 103(a).

We therefore pass to the question whether the averments in the amended petition were sufficiently definite to stand against the motion to dismiss, for, if they were, it would follow that they were likewise sufficiently definite to admit of proof of the acts of bankruptcy charged. The amended petition alleged that respondent within the four-month period did "permit one of his creditors, to wit, the Federal-American National Bank of Washington, D. C., within the meaning," etc., of the Bankruptcy Act "to obtain a preference while he, the said respondent, was in-

solvent, by paying to said bank an indebtedness in the form of promissory notes due said bank and other sum or sums in excess of one thousand dollars with the intent to prefer said bank as a creditor over the other general creditors of the respondent," etc. Paragraph 5 alleged that appellant made other payments to other creditors "out of his checking account in the said Federal-American National Bank and in other banks, while insolvent and within four months prior to the filing of the petition" with intent, etc. And paragraph 6 explained that petitioners "have made diligent effort to furnish this honorable court with further particulars by requesting the Federal-American National Bank for said further particulars, and by requesting the respondent, through his attorney, for the said particulars, but petitioners aver that these requests have been refused and denied by said bank and by the respondent." The petition then went on to say that the production of the records of the bank and books of the respondent would fully disclose a large number of preferences committed within the four-month period.

There can be no doubt that the charge in paragraph 4 of the payment to the Federal-American National Bank was sufficient in itself to defeat the motion to dismiss the petition. It alleged all the necessary jurisdictional facts, and the motion to dismiss was for that reason, if for none other, properly overruled.

A different condition, however, obtains with relation to the proof as to this payment as constituting an act of bankruptcy. The indebtedness to the bank was not an open indebtedness but a secured indebtedness, and the security was much greater in value than the debt. For this reason the partial payment of the debt or the payment of the interest did not result in the depletion of the bankrupt's estate, and such depletion is a necessary element to preference. The securities had been deposited when the debt was incurred, and the bank, under well-recognized principles, had a right to apply the security to the debt without thereby obtaining a preference. See National Bank of Newport v. Bank, 225 U. S. 178, 32 S. Ct. 633, 56 L. Ed. 1042. So also is it true that such cash payments as the bankrupt himself made on these debts did not diminish his estate.

This makes necessary recourse to the evidence as to other payments than those to the bank within the four months to determine whether sufficient facts were proved to warrant adjudication, and this in turn requires

550

us to look to the allegations in paragraph 5 in order to determine whether, by reason of their vague and indefinite character, the court should have permitted the introduction of evidence of alleged preferences not there set out with particularity. The paragraph in question, as we have already seen, charged appellant with preferential payments to sundry creditors through his checking account on the Federal-American National Bank, but contained no statement of the names of such creditors nor any particulars as to dates thereof. Ordinarily such a general charge is insufficient, and this because the alleged bankrupt, like any other defendant, is entitled to know what he is called upon to meet, that he may properly prepare his defense, and so it has been said many times that the petition as a pleading should set forth all material facts on which petitioners base a claim for adjudication. These material facts are the names of the creditors alleged to have received preferences, the amounts and the dates thereof. The underlying purpose, therefore, of requiring particularity, is to prevent surprise and avoid a fishing expedition to sustain the complaint.

 In this case the paragraph in question alleged all the jurisdictional facts, but it was faulty in failure to state details. Ordinarily, therefore, it would be subject to challenge and to dismissal if the necessary facts being known to petitioner were not set out. But in the nature of things the rule is not absolute. If diligence and good faith are shown and the failure to set out details is shown to be due to the acts or conduct of the alleged bankrupt himself, the rule is not applicable. Here the petition stated that both the bank and the bankrupt, in spite of every effort on the part of petitioning creditors, had refused to disclose the details. In other words, we have a case in which a payment is charged within the statutory period, the effect of which is to give the creditor receiving it a preference, and that it was made out of funds drawn from the bankrupt's deposit in a specified bank, and the intent was to prefer such creditor. This is enough to satisfy the act, and, if it is alleged, as it is here, that by reason of concealment the name of the creditor and the amount of the payment are unknown, but that both amount of payment and name of creditor are known to the bankrupt, it is hard to see on what principle the evidence may be excluded. Obviously to have asked for a bill of particulars in this case would have been futile because of the statement that the petitioning creditors had exhausted all avenues known to them through

which to get the information on which to make their claim more particular. When, therefore, the trial was had, and it was shown that appellant had gone to the bank and withdrawn his entire balance, an amount in excess of $5,000, and paid it out to sundry of his creditors whom he desired to prefer, and when it was likewise shown that at this very time he was liable for millions of dollars on account of the wrongful release of security without payment for bonds which he had sold to other customers, it would be going far to say that this was not an intentional and voluntary preference constituting an act of bankruptcy. All of these facts appellant knew. It was therefore of no consequence to him that they were not detailed in the pleading. Their introduction in evidence fell from his own lips. There was, therefore, no element of surprise. In these circumstances the evidence was admissible and in our opinion was sufficient to show an act of bankruptcy, and, since also appellant was insolvent when he made these payments, the order of adjudication was properly entered.

Affirmed.