No. 31,286

ROBERT C. MAYSE, *Appellant*, v. THE MINNEOLA COÖPERATIVE EXCHANGE et al., *Appellees*.

(30 P. 2d 120.)

Opinion filed March 10, 1934.

*Robert C. Mayse,* of Ashland, *pro se.*

*Francis C. Price* and *Floyd N. Cossman,* both of Ashland, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action to compel defendant to enter his name as a stockholder in its stock record, to transfer and issue to him eight shares of stock to which he laid claim by assignment and purchase, and to account for certain accrued but unpaid dividends pertaining thereto.

The controlling facts were these: In 1915 the defendant corporation was organized with a capital of $15,000 divided into 600 shares of $25 each. This capitalization was increased from time to time. One Louis Zinszer was the owner of four shares of the original issue of stock, evidenced by stock certificate No. 80. The by-laws of the corporation provided:

"Article 1. . . .

"Section 2. No one shall hold more than eight shares of stock.

"Section 3. . . . No cash dividends or prorate shall be drawn by any stockholder until he has the limit of shares paid up in cash."

Some time prior to September, 1922, Louis Zinszer died testate, in Fayette county, Kentucky, and his will was probated in that state. By its terms he bequeathed to his wife, Julia E. Zinszer, $10,000 in cash, an interest in his Kentucky residence and its household furniture, and $10,000 to the testator's sister, Lulia Deckel, of Louisville, Ky. The will also provided that the residue of his estate should be held in trust for the use and benefit of his wife during her natural life, and—

"5. . . . Said trustees shall pay to her at reasonable intervals, all rents, interests and profits that may accrue from said estate. No part of the principal of said estate shall be used by my trustees or my wife, but shall remain as a whole and pass as hereinafter directed."

The will also provided that on the death of testator's wife all property held by the trustees should pass to his sister Lulia and her two children and to other named relatives.

By the will, Julia E. Zinszer and Charles Deckel, Jr., son of the testator's sister Lulia, were named as trustees of the trust created by the will for the benefit of Julia E. Zinszer, and they were empowered to sell, at their discretion, any and all of the trust property, but—

"No sale of the property belonging to the trust herein created shall be valid, or pass any title to the purchaser, unless signed by both of my trustees, or both of their successors."

Following the death of Louis Zinszer, on September 1, 1922, his widow, Julia E. Zinszer, filed with the defendant corporation an affidavit stating that she was the executrix of his estate, that stock certificate No. 80 for four shares had been lost, and that she authorized the defendant to cancel certificate No. 80 and issue in lieu thereof a certificate to herself. On September 25, 1922, a new certificate, No. 249, was issued accordingly.

In December, 1924, defendant executed another certificate, No. 277, for four shares, apparently as the accumulated earnings of certificate No. 249, in accordance with section 3 of article 1 of the by-laws set out above. This later certificate, No. 277, was not delivered, but no legal significance is attached to that fact.

In March, 1927, the capital of the corporation was again increased, pursuant to which a new certificate for eight shares, No. 544, was prepared in the name of "Zinszer Estate" to replace the earlier certificates 249 and 277, but it was not signed and sealed, nor was it delivered.

After the issue of stock certificate No. 277, Julia E. Zinszer received all cash dividends on that certificate and also on No. 249 until her death, which occurred on January 5, 1926.

On June 4, 1926, a copy of the will of Louis Zinszer was filed in the office of the probate court of Clark county, Kansas, duly authenticated as probated in the county court of Fayette county, Kentucky.

During her widowhood Julia had married one Arnold Traliot, and on her death she left a will in which she devised these eight shares of stock to her sister, Capitolia Williamson, who was also named as executrix.

The latter died testate on December 13, 1926, and in her will she devised the principal part of her estate, including these eight shares of stock, to her husband, Edward Williamson, who was named executor of Capitolia's will. Following her death Edward Williamson also became administrator with the will annexed of the estate of Julia E. Zinszer-Traliot.

On April 28, 1928, the estate of Julia was in course of administration in the court of Fayette county, Kentucky, and on that date that court made an order reciting that Julia E. Zinszer, widow of Louis Zinszer, was the owner of the eight shares of stock, that she afterwards married Arnold Traliot and died on January 5, 1926, leaving a will in which she devised most of her estate, including

these shares, to her sister, Capitolia Williamson, whom she named as her executrix; that Capitolia died testate on December 13, 1926, leaving most of her estate, including these eight shares, to her husband, Edward Williamson, who was also named an executor. The order based on the foregoing recitals reads:

"It is now ordered and adjudged by the court that all of the stock belonging to the above mentioned estate of Louis Zinszer, or to the estate of Mrs. Julia E. Zinszer-Traliot, or to the estate of Capitolia Williamson be and the same is now ordered transferred to, and in the name of Edward Williamson, the proper owner thereof."

Pursuant to this order stock certificate No. 249 for four shares, which had been issued by defendant to Julia E. Zinszer on September 25, 1922, on her representation of ownership of the lost original certificate No. 80, was sold to this plaintiff, and on its reverse side was the following:

"For value received ———— hereby sell, assign and transfer unto Edward Williamson or Robt. C. Mayse all shares of the capital stock represented by the within certificate and do hereby irrevocably constitute and appoint A. C. Keller, Sec'y, to transfer the said stock on the books of the within named corporation with full power of substitution in the premises.

"Dated Apr. 28, 1928.
    "JULIA E. ZINSZER-TRALIOT.
    "By  EDW. WILLIAMSON, *Admr.*
        *With the Will Annexed.*
    "CAPITOLIA WILLIAMSON.
    "By  EDW. WILLIAMSON, *Executor.*
    "EDW. WILLIAMSON."

Shortly thereafter plaintiff sent this certificate, No. 249, to defendant by mail, accompanied by a certified copy of the order of the county court of Fayette county, Kentucky, summarized above. Plaintiff demanded that the four shares of stock represented by certificate No. 249, and all its accumulations, which would include the four shares represented by certificate No. 277 (or certificate No. 544 representing the entire eight shares), be entered on the corporation's transfer record in his name and that all undistributed dividends be paid to him. This demand was refused and this action followed.

Plaintiff's petition alleged the facts on which his title was based. The defendant corporation answered alleging matters set out in our statement above. The beneficiaries under the will of Louis Zinszer intervened and set up their title under the will, and prayed that they be decreed to be the owners of the stock and accrued dividends thereon.

The evidence developed no material dispute of fact. The trial court made findings of fact, but refused to make other findings supported by the evidence—apparently because it deemed them immaterial. The trial court held that plaintiff was the owner of the four shares of stock represented by certificate No. 249, and that the intervening claimants under the will of Louis Zinszer were the owners of the four shares represented by certificate No. 277, and that the defendant corporation should make entries on its transfer record to that effect. The trial court also held that the dividends declared on the stock since April 28, 1928, should be prorated between plaintiff and the interveners.

Judgment was entered accordingly, and plaintiff appeals.

He first complains of a finding and amended finding that in procuring the issuance of certificate No. 249 to herself in lieu of the lost certificate of Louis Zinszer No. 80, Julia E. Zinszer misrepresented the facts as to her authority to have the stock transferred to herself. It is contended that there was no evidence to warrant that finding. We cannot assent to that. The facts, circumstances and record evidence made that finding incontestable. Louis Zinszer owned certificate No. 80. His will created a trust estate which included these four shares of stock. Subject to the by-laws (§ 3), his widow was to enjoy the income of that stock during her life, and the stock, as part of the trust estate, was then to pass to the interveners. The stock could only have been sold by the joint consent of both trustees of Louis Zinszer's trust estate, and there is no pretense that such consent was ever given. Moreover, if it had been given, *it could not have been sold* by the two trustees, Julia and her nephew, *to Julia individually.* In *Alumbaugh v. Hedges,* 125 Kan. 449, 265 Pac. 50, this court reiterated the familiar and general rule that—

"Executors, administrators, guardians, trustees, and functionaries, of that general character, may not traffic to their own private advantage in estates or properties towards which they have any official or moral responsibility. This rule is as much a principle of ethics and of practical honesty as it is of law." (p. 453.)

It takes nothing from the force of this rule that Julia may have been altogether free from fraudulent intent in representing herself to be the owner of the stock. Her belief, her good faith, could not enlarge her interest in the stock nor minimize the interest of the intervening beneficiaries under the will of Louis Zinszer.

In behalf of plaintiff the point is stressed that he acquired his interest in this stock in good faith—which has nothing to do with the question at issue. In *Lilley v. Oil & Refining Co.*, 108 Kan. 686, 197 Pac. 201, it was said:

"One who buys or contracts to buy stock in a corporation does not take it freed of its infirmities according to the rules of commercial paper acquired in due course; he merely takes such legal and equitable rights in the stock as his vendor has to bestow; and although the buyer may be ignorant of the equities and burdens which inhere in the stock, his ignorance does not relieve the stock therefrom, nor enable him to acquire it discharged of any vice or defect which inheres in it." (Syl. ¶ 1.)

Appellant cites rules of law that a corporation may be subjected to civil liability if it erroneously or wrongfully permits a transfer of stock in derogation of the rights of the owner. But that is a matter of no concern in an issue of stock ownership, which was the gist of this action.

It is next contended that the trial court erred in holding that on April 28, 1928, the shares of stock evidenced by certificates Nos. 249 and 277 were part of the residuary estate of Louis Zinszer.

When and how did these eight shares of stock cease to be a part of that estate? Certainly not by his widow's ill-founded claim of ownership whereby the defendant was induced to issue certificate No. 249 to her in lieu of the lost certificate No. 80. And no less certainly the order of the county court of Fayette county, Kentucky, relied on by appellant, did not have that effect. That court's order was not made in any proceedings relating to the administration of the estate of Louis Zinszer. It was made in proceedings pertaining to the estates of the widow of Louis and of her sister, and was so entitled:

"In re: Settlement of Estate of Julia E. Zinszer-Traliot, Dec., and Capitolia Williamson."

Appellant cites familiar cases which hold that a probate court has complete jurisdiction over estates of deceased persons. But he cites no case holding that its jurisdictional authority over the estate of one deceased person gives it jurisdiction to make a valid order disposing of property belonging to the estate of another deceased person.

The next error complained of reads:

"4. The court erred in violating and subverting sections 2 and 3, article 1 of the by-laws of defendant company, by dividing the eight shares of stock in the name of Zinszer estate between plaintiff and interveners."

While we do not approve the argument of appellant on this point, nor the conclusion he would deduce therefrom, we do agree with him (as do counsel for the interveners) that the by-laws of the corporation did not contemplate a severance of the eight shares of stock when the original four shares had increased to eight shares by dividends withheld to effectuate that object. It was upon that understanding that Louis Zinszer acquired his four shares of stock, and those four shares with this limitation passed to his estate on that understanding; and only when the four shares had grown to eight did his widow draw dividends therefrom. On the death of Julia, the shares, all of them, devolved on the interveners. It thus becomes clear that by the order of the Kentucky court made on April 28, 1928, and by the assignment of the same date, plaintiff acquired no interest in the shares of stock in controversy. While full faith and credit must be given to the judicial proceedings of the Kentucky court, one prerequisite to the application of that constitutional mandate is that it must be shown that the Kentucky court had jurisdiction of the cause in which it made the order; and it is as clear as daylight that in judicial proceedings pertaining to the estates of Julia and her sister the court did not have jurisdiction to dispose of property belonging to the estate of Louis Zinszer. (See citations to art. IV, § 1, U. S. Const. in R. S. Kan. 1923, lxxxix.)

The next point urged is that the intervener's claims were barred by laches and by the statute of limitations. How so? The interveners had no concern with these shares of stock until after the death of Louis Zinszer's widow, which occurred on January 5, 1926. They had no practical means of knowing that she had induced the Kansas corporation to substitute her name as owner of the stock on its transfer record. As beneficiaries of the trust estate of Louis Zinszer, they were not charged with notice of any court order made in dealing with the estates of other persons. Laches could not be invoked nor would the statute of limitations begin to run against the interveners until it was shown that they knew, or with reasonable diligence should have known, that the trust estate was being mismanaged or that its *res* was being illegally disposed of. (*Helm's Ex'r v. Rogers*, 81 Ky. 568; 65 C. J. 1023-1926; 2 Perry on Trusts and Trustees, 7th ed., §§ 863, 864 and 864c.)

It is suggested, however, that the shares of stock represented by certificate No. 277 passed to Julia E. Zinszer as stock dividends.

This argument overlooks the by-law, full significance of which provided that there should be no stock dividends until Louis Zinszer's stock had increased to eight shares. It was upon those by-laws that Louis Zinszer acquired his first four shares, and when those four shares had grown to eight his widow drew dividends on the eight shares; but she acquired no ownership of the second four shares any more than she had in the first four shares.

Other objections to the judgment have been carefully considered, but we discern nothing of which appellant may justly complain.

In view of the foregoing the obvious question therefore intrudes: What disposition should be made of this appeal? This court is not inclined to affirm a judgment which awarded to plaintiff half the shares which belonged to the beneficiaries of the estate of Louis Zinszer. But the latter apparently have preferred to acquiesce in the judgment of the district court rather than to protract this litigation by a cross appeal. We, therefore, conclude that this appeal should be dismissed, and it is so ordered.

HARVEY, J., not sitting.