### YOUNG v. HOWARD et al.
### No. 7526.

United States Court of Appeals for the District of Columbia.

Decided March 24, 1941.

Martin F. O'Donoghue, of Washington, D. C. (George F. Shea and Thomas X. Dunn, both of Washington, D. C., on the brief), for appellant.

James A. Cobb, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and VINSON and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

The plaintiff, receiver of the Industrial Savings Bank of Washington, D. C., brings this action against the trustees under a deed of trust for the alleged wrongful release of that instrument. The trustees are sued individually, and damages are claimed in the amount of the note secured by the deed of trust, which was collateral on a loan made by the Bank.[1] Plaintiff alleges that at the time of the execution of the release its note had not been paid, and that it is still unpaid. The release was executed on March 19, 1932, and recorded two days later.[2] Plaintiff states that the release was not discovered until February 7, 1936. The action was brought November 20th of the same year.

Defendants answered that the Bank's note had been paid, that the Bank author-

---

[1] Lennartz v. Estate of Popp, 118 Ill. App. 31; Rheem v. Allnut, 62 App.D.C. 50, 64 F.2d 548.

[2] D.C.Code, Tit. 25, § 191; see § 171.

ized the release, and that the action was outlawed inasmuch as more than three years had elapsed since the execution and recordation of the release of which the Bank had actual knowledge, and moreover, the Bank was chargeable with constructive notice of the recordation. The plaintiff joined issue.

At the trial, after plaintiff and defendants had made their statements to the jury, without evidence presented, the court directed a verdict for defendants. Since the payment of the note, the authorization of the release, and the time when the Bank had actual knowledge of the release, were directly in issue, the court evidently was controlled in its action by the fact that the release had been recorded thereby giving the Bank constructive notice, and hence the action was barred by limitation. The memorandum overruling plaintiff's motion for a new trial indicates that such was its point of view.

■ The deed of trust placed the trustees in a fiduciary relationship to both the settlor and the Bank.[3] As a result of such a relationship the running of limitations on the Bank's action against the trustees did not commence with the commission of the act but at the time it had actual or duty-bound awareness.[4] Thus, the single point for decision is whether the recordation of the release constituted constructive notice to the Bank. The District Court thought that it did.

■ A primary purpose of the recordation of an instrument is to give notice of its existence to those about to deal with the property involved. Such persons are protected by, and charged with, notice of the recorded instrument. The purpose, in most instances, is not to inform those with existing interests of events purportedly affecting their property and to charge them

with such knowledge. It is often said that a recordation operates prospectively, not retrospectively. To attribute the latter effect to a recordation would necessitate periodic checks by owners, lienholders, and others with existing interests. A person should be circumspect when he enters into a transaction and in performing his subsequent contractual duties, but to require him to act as a member of a watch and ward society to safeguard his position against all the world is neither reasonable nor in accord with the authorities.[5] He who has established his position is entitled to rest as against those with whom he has no continuing obligation.

■■ As has been indicated, the more common question, which has been answered in the negative, is whether a recordation of subsequent claims against the property is notice to the mortgagee. Here, there is even less reason to construe a recordation as giving constructive notice to the Bank. The Bank is not claiming against another with an equitable interest in the property but against the trustees. Here, the trustees owed the Bank the continuing obligation of keeping it informed of action upon their part that would prejudice its rights. The fiduciary relationship has significance not only by making it necessary that the Bank be notified of such action, but also in determining what constitutes notification. The language and the decisions to which defendants call our attention, for the most part, reveal that constructive notice has the same consequences as actual notice to those chargeable with constructive notice, but this does not answer the question whether the Bank was chargeable with constructive notice. It is clear to us that constructive notice of recordation of the release is not applicable to the Bank or its receiver.[6] So we must hold that the District Court erred in directing the verdict.

[3] Church, Inc., v. Holmes, 60 App.D.C. 27, 46 F.2d 608; Holman v. Ryon, 61 App.D.C. 10, 56 F.2d 307; I Scott, Trusts (1939) § 9, p. 71. 41 C.J. 605-607, § 571.

[4] Mayse v. Mineola Co-op. Exchange, 139 Kan. 24, 30 P.2d 120, 124; American Nat. Bank of Macon v. Fidelity & Deposit Co. of Maryland, 131 Ga. 854, 63 S.E. 622, 21 L.R.A.,N.S., 962; II Scott, Trusts (1939) § 219.2; 37 C.J. 977.

[5] Wolfe v. Murphy, 47 App.D.C. 296, 300; Matteson v. Thomas, 41 Ill. 110; Bridgewater Roller Mills Co. v. Strough,

98 Va. 721, 37 S.E. 290; Lynchburg Perpetual Building & Loan Co. v. Fellers, 96 Va. 337, 31 S.E. 505, 70 Am.St. Rep. 851; Dwelle v. Home Realty & Inv. Co., 134 Kan. 520, 7 P.2d 522; Kinch v. Fluke, 311 Pa. 405, 166 A. 905; 41 C.J. 557, 560; II Pomeroy Equity Jurisprudence, 3rd Ed. 1905, §§ 656(5), 657; I Jones, Mortgages, 8th Ed. 1928, §§ 456, 651.

[6] While most breaches of trust are frauds in law in respect to the cestui, it is unnecessary to use any definite label in the present case. In any event, for this alleged breach of trust, releasing the se-

The questions, has the note been paid, did the Bank authorize the release, and did it have actual knowledge of the release for more than three years next before the institution of the action, remain open.

Reversed.

curity, the doctrine which prevents the running of limitations from the time of the recordation should be applied. Farmers' State Bank of Ada v. Keen, 66 Okl. 62, 167 P. 207, 209. Compare, McNaughton v. Rockford State Bank, 261 Mich. 265, 246 N.W. 84, 86; Heap v. Heap, 258 Mich. 250, 242 N.W. 252, 256; 22 L.R.A.,N.S., 208, 215. See footnote 4.