## In re INTERNATIONAL HATTERS SUPPLY CO., Inc.

District Court, S. D. New York.

Sept. 27, 1942.

Sydney Basil Levy, of New York City, for alleged bankrupt.

Benjamin Robinson, of New York City, for petitioning creditors.

BRIGHT, District Judge.

An involuntary petition was filed herein on September 11th 1941. Two acts of bankruptcy are alleged, the first, that the bankrupt fraudulently transferred its stock in trade and fixtures, valued at $2,500 to persons unknown. The second alleges the preferential transfer of sums aggregating $500 to creditors unknown.

The alleged bankrupt has moved for dismissal of the petition as defective because the alleged acts of bankruptcy are not sufficiently set forth.

The petitioning creditors have not strenuously opposed dismissal, but have argued at length to be permitted to amend. The bankrupt opposes any amendment.

I think the petition is plainly defective. It has been held on numerous occasions that the averment of an act of bankruptcy in the language of statute is insufficient. In re Phillips, 2 Cir., 193 F. 638; In re Condon, 2 Cir., 209 F. 800. The allegations in the petition before me are in general terms, substantially follow the language of the statute, and fall within the rule enunciated by the above cases.

There seems to be little reason, however, why an amendment should not be permitted. It is, of course, true that a new act of bankruptcy cannot be added by an amendment if it took place more than four months before such amendment. In re Havens, 2 Cir., 255 F. 478. It does not appear, however, that the amendment to this petition would be barred for that reason, especially in view of the short time between the filing of the original petition and this motion.

The alleged bankrupt contends that leave to amend may be granted only where the amendment seeks to amplify the original imperfect allegation, and that the original must be in sufficient detail so as to enable the court to determine whether that is the case. The argument is inapplicable to the present motion, as it would become persuasive only if the petitioners sought to amend by adding a new act of bankruptcy more than four months after it occurred.

The amended petition, when filed, can be tested by the rules enunciated in the cases cited.

The motion to dismiss is granted, with ten days' leave to petitioners to file an amended petition.

Submit order.