### In re ADAMS et al.
### No. 10456.

District Court, M. D. Pennsylvania.

Feb. 18, 1944.

Harry S. Knight, of Sunbury, Pa., for bankrupt.

T. G. Wadzinski, of Wilkes Barre, Pa., and Donald A. Lewis, of Pittsburgh, Pa., for petitioning creditors.

WATSON, District Judge.

This matter is before the Court upon motion of the alleged bankrupt to dismiss the involuntary petition filed in this case. A motion to strike off the petition has also been filed.

The motion to dismiss the involuntary petition sets forth various alleged defects in the petition among which are the following:

1. That the petition does not aver that the partnership was insolvent at the time the alleged fraudulent transfer was made; does not set forth the time when the transfer was made or to whom it was made.

2. That the petition does not state that the petitioners' claims are fixed as to liability and liquidated in amount, and that there is nothing in the petition from which this can be calculated or inferred.

After alleging the usual formal allegations, the creditors' petition sets forth the following allegations respecting the petitioning creditors and the act of bankruptcy relied on:

"That your petitioners are creditors or representatives of creditors of the said Susquehanna Engineering Company, having provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500.00. That the na-ture and amount of your petitioners' claims are as follows:

"Vulcan Stoker Corporation, $3,824.75, representing amounts due the petitioner for royalties and parts and equipment furnished.

"Mills Electrical Company, $324.32, representing parts and equipment furnished, sold and delivered.

"Pennsylvania Foundry Supply & Sand Company, $115.38, for goods sold and delivered as set forth in the petitioner's books of original entry.

"And your petitioners further represent that the said Susquehanna Engineering Company is insolvent; and that within four months next preceding the date of this petition the said Susquehanna Engineering Company committed an act of bankruptcy, in that the partners conveyed or transferred certain realty situate at the southeast corner of Ninth and Iron Streets in the Town of Bloomsburg, Columbia County, Pennsylvania, said property being used for the sole purpose and benefit of the said partnership, with intent to hinder, delay or defraud its creditors, or any of them."

In my opinion the creditors' petition must be dismissed because it does not properly state a cause of action against the alleged bankrupt. The essential conditions for a creditor to qualify as a petitioning creditor are that his claim against the debtor be provable in bankruptcy, fixed as to liability, and liquidated in amount. That the claims of the petitioning creditors conform to these general requirements should be alleged in the petition, preferably in the language of the Act. See Paragraph 3, Official Form No. 5; 2 Collier on Bankruptcy, Page 22.

The allegations respecting the claims of the petitioning creditors in this case do not set forth that the claims are fixed as to liability and liquidated in amount and, from the information respecting such claims contained in the petition it cannot be inferred that all of the claims set forth are of the required nature.

A more serious defect in the petition and one which requires the dismissal thereof is that the allegation of the Act of Bankruptcy charged against the alleged bankrupt is not set forth with sufficient particularity to inform the respondent of the charge made against it. The facts relied upon to establish an alleged fraudulent transfer must be set forth with

984

such fullness as to apprise the alleged bankrupt of what he will be required to meet. An allegation in the language of the statute alone stating that the bankrupt disposed of his property intending to hinder, delay, or defraud creditors is not sufficient. A petition should describe the property alleged to have been transferred, the time of the alleged transfer, and to whom it was made. 1 Collier on Bankruptcy, page 415, et seq. and cases there cited.

In the present case, the petition does not allege the person to whom the alleged fraudulent transfer was made or the date upon which it was made. The result is that the alleged bankrupt is not sufficiently informed as to the charge he will be required to meet. To this extent the petition does not set forth a statement of the petitioners' claims showing that they are entitled to relief as required by the rules of pleading of this Court. Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

For the foregoing reasons, the creditors' petition filed in this case must be dismissed.

In view of the disposition made of the motion to dismiss, it is unnecessary to pass upon the issues raised by the motion to strike off the petition and the motion of the petitioning creditors for the issuance of an alias subpoena.

It is ordered that the creditors' involuntary petition in bankruptcy filed in this case be, and it is hereby, dismissed.