## In re HELTMAN–THOMPSON CO.
### No. 1369.

United States District Court
W. D. Michigan. N. D.
Feb. 4, 1949.

Johnson & Johnson and Merrill N. Johnson, all of Manistique, Mich., for petitioning creditor Frank LeMaire.

Herbert & Wood and J. Joseph Herbert, all of Manistique, Mich., for debtor, Heltman-Thompson Co.

STARR, District Judge.

On November 26, 1948, Frank LeMaire, trustee for the assets of the Manistique Tool and Manufacturing Company of Manistique, Michigan, filed a creditor's petition praying that the Heltman-Thompson Company be adjudged a bankrupt. Paragraph 4 of the petition alleged in part:

That "within four months next preceding the filing of this petition, the said The Heltman-Thompson Company committed an act of bankruptcy, in that it did heretofore transfer, while insolvent, a portion of its property to one of its creditors with intent to prefer such creditor over its other credi-tors, and also it did heretofore convey, transfer, conceal and remove a part of its property with intent to hinder, delay and defraud its creditors, to-wit: it did, from August 1, 1948 to November 20, 1948, sell certain tools, machinery, dies and fixtures, including one Reliance 45 ton punch press, serial #201, one Rockford 37 ton punch press, serial #4633, one Bliss 32 ton punch press, serial #115639, one Bliss 32 ton punch press, serial #115637, and other presses, drills, lathes, and machine tools, to various parties, whose names and addresses are unknown to your petitioner, for cash, and not in the usual course of trade, which sales stripped said company of its operating equipment and rendered it unable to transact further business, and that some of the cash realized from said sales has been used to effect preferential payments to First National Bank at Manistique, a Michigan banking corporation, of Manistique, Michigan, one of the creditors of said company, and the balance of said cash has been transferred or concealed with intent to hinder, delay, and defraud your petitioner as a creditor."

On December 14th the Heltman-Thompson Company filed motion to dismiss this petition for the following reasons:

"(a) That said petition is not properly verified under oath as required by law.

"(b) That the form and substance of said petition is insufficient to invoke the jurisdiction of this court for the purposes prayed for therein.

"(c) That the averments in said petition contained fail to set forth jurisdictional requisites with the certainty, particularity and precision demanded by law.

"(d) That said petition lacks sufficient averments of specific facts and circumstances constituting a prima facie act of bankruptcy.

"(e) That the averments of preference, concealment, transfers, fraud and other essential elements of acts of bankruptcy are so vague, general and uncertain that the alleged bankrupt cannot ascertain therefrom the charges made against it and cannot properly and intelligently answer the same and cannot prepare to meet the same at the hearing thereof."

The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., requires that the petition be verified. Order 38 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53 provides that "The several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case." The official form of verification to an involuntary petition, Form 5, 11 U.S.C.A. following section 53, provides for an oath by the petitioners " * * * that the statements contained in the foregoing petition, subscribed by them, are true."

■ The petition here in question is verified in the following form: "I, Frank LeMaire, the petitioner named in the foregoing petition, do hereby make solemn oath that the statements contained therein are true according to the best of my knowledge, information and belief." This verification on "information and belief" is not in the required form and is insufficient. In 2 Collier on Bankruptcy, 14th Ed., § 18.36, p. 80, it is stated: "The verification of an involuntary petition, however, must be unqualified and positive, and is insufficient if made on information and belief." See authorities cited.

■ However, under order 11 of the General Orders in Bankruptcy and Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., an involuntary petition may be amended. In 2 Collier on Bankruptcy, 14th Ed., § 18.37, p. 84, it is stated: "The verification of a petition, if defective, may be cured by an amendment. * * * The right to amend is subject to the sound discretion of the court." See authorities cited and also Harris v. Mills Novelty Co., 10 Cir., 106 F.2d 976; Massagli v. T. I. Butler Co., 9 Cir., 39 F.2d 346.

Section 3 of the Bankruptcy Act, 11 U.S.C.A. § 21, provides:

"Acts of Bankruptcy. a. Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, removed, or permitted to be concealed or removed any part of his property, with intent to hinder, delay, or defraud his creditors or any of them; or (2) transferred, while insolvent, any portion of his prop-erty to one or more of his creditors with intent to prefer such creditors over his other creditors".

■ The facts which a petitioner in an involuntary proceeding relies upon to establish the alleged acts of bankruptcy must be set forth with such particularity and fullness as to apprise the debtor of the charges he will be required to meet. Allegations in the language of the Bankruptcy Act alone, to the effect that the bankrupt disposed of his property with the intent to hinder, delay or defraud his creditors or that, while insolvent, he transferred any portion of his property to one or more of his creditors with intent to prefer that creditor over his other creditors, are not sufficient. However, the law does not require that the alleged acts of bankruptcy be set forth in greater detail than the petitioning creditor can, under the circumstances, be reasonably expected to furnish. 1 Collier on Bankruptcy, 14th Ed., § 3.106, p. 415 et seq., and authorities cited.

■ From careful study of paragraph 4 of the petition in the present case the court concludes that the alleged acts of bankruptcy relied upon by the petitioner are not set forth with such particularity as to properly inform the debtor of the charges it will be required to meet. Glint Factors, Inc., v. Schnapp, 2 Cir., 126 F.2d 207; In re Gaynor Homes, Inc., 2 Cir., 65 F.2d 378; Rheem v. Allnut, 62 App.D.C. 50, 64 F.2d 548; In re Condon, 2 Cir., 209 F. 800; In re Adams, D.C., 53 F.Supp. 982; In re Myers, D.C., 31 F.Supp. 636; In re Hark, D.C., 135 F. 603; 2 Collier on Bankruptcy, 14th Ed., § 18.11, p. 29 et seq. The petition should be dismissed unless amplified and perfected by amendment.

The court recognizes the difficulties with which the petitioner in this case was apparently confronted, as shown by affidavits attached to his brief, in his attempt to obtain detailed information relative to the alleged acts of bankruptcy by the debtor. However, these affidavits indicate that the acts of bankruptcy could be set forth in an amended petition in more particularity so as to more fully inform the debtor of what he will be required to meet. Therefore, in the exercise of its discretion the court holds

that the petitioner is entitled to amend his petition relative to the form of verification and as to the alleged acts of bankruptcy. See order 11 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53; 2 Collier on Bankruptcy, 14th Ed., §§ 18.20, 18.26, 18.28, and authorities cited.

If he so elects, the petitioner may, within ten days from the date hereof, file amendments to his petition in accordance with this opinion. If no amendment is filed within that period, the debtor's motion to dismiss will be granted.