**SOUTH SUBURBAN SAFEWAY LINES, INC., Poughkeepsie Transit Co., Inc., Empire Bus Corp. and John Mazzola, d/b/a Long Ridge and High Ridge Bus Lines, Petitioning Creditors-Appellants,**

v.

**CARCARDS, INC., Appellee.**

**No. 298, Docket 24963.**

United States Court of Appeals
Second Circuit.

Submitted March 27, 1958.

Decided June 23, 1958.

Jacob Rappaport, New York City, for appellants.

Jacob Frummer, Brooklyn, N. Y. (Nathan Permut, New York City, and I. Louis Kottler, Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, and HAND and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

This is an appeal from an order of Judge Herlands dismissing an involuntary petition in bankruptcy filed against Carcards, Inc. by the appealing petitioning-creditors. The petition was filed on November 7, 1957 and on November 12, 1957 the alleged bankrupt, by its verified answer, denied "each and every allegation in the * * * petition. * * *" Thereafter, on November 19, 1957, Charles Schinitsky, Esq., was appointed Receiver, and as such took possession of all

the alleged bankrupt's assets and property.

On November 22, 1957 the alleged bankrupt obtained an order to show cause asking for authorization to withdraw its answer and vacating the appointment of the receiver or in the alternative requiring the petitioners to post a $50,000 bond. Judge Herlands in a short memorandum granted the bankrupt's motion to withdraw its answer, vacated the appointment of the receiver and dismissed the involuntary petition in bankruptcy on the ground that it was "defective for vagueness." The instant appeal is from that decision and presents only two questions, viz. whether the petition is so vague as to be defective, and assuming it is defective, whether the District Court should have permitted amendment rather than dismissing the petition outright.

The petition alleges two acts of bankruptcy in the following language:

"*   *   * the said alleged bankrupt   *   *   *

"A. With intent to hinder, delay and defraud its creditors, [did] convey, transfer, conceal, remove, or permit to be concealed or removed, or set over unto said divers persons, whose names are unknown to your petitioners, valuable property, consisting of contracts with bus lines for advertising of the value of $3,-000.00.

"B. On or about October 30, 1957, while insolvent [did] transfer property and various moneys amounting in the aggregate to the value or sum of $5,000.00 to various creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of the creditors receiving such preference being unknown to your petitioners."

■ The allegations of the petition closely follow the statutory language. It has long been held that such an allegation is improper as a reasonably higher degree of particularity is required in an involuntary petition in bankruptcy. In re Sig H. Rosenblatt & Co., 2 Cir., 1912, 193 F. 638; In re Gaynor Homes, 2 Cir., 1933, 65 F.2d 378; In re S. W. Straus & Co., 2 Cir., 1933, 67 F.2d 605; Matter of International Hatters Supply Co., Inc., D.C. S.D.N.Y.1942, 46 F.Supp. 909; In re Heltman-Thompson Co., D.C.W.D.Mich. 1949, 83 F.Supp. 156; 1 Collier on Bankruptcy 420 § 3.106.

The appellant argues, however, that under Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1] such defects were waived by the alleged bankrupt by the filing of its answer. It is unnecessary for us to pass on this question as the district judge in a sound and reasonable exercise of his discretion permitted the defendant to withdraw its hastily drawn pleading, so that the posture of the case as it is presented to us is as if the answer had not been interposed.

■■ We come therefore to the propriety of outright dismissal of the petition. It is clear that the defects in the petition were not jurisdictional so as to require an outright dismissal and that the District Court had the power to allow amendment of the petition so that the defects in pleading could be cured. In re Heltman-Thompson Co., supra; In re Carden, 2 Cir., 1941, 118 F.2d 677, certiorari denied sub nom. McClave & Co. v. Carden, 314 U.S. 647, 62 S.Ct. 91, 86 L.Ed. 519. Whether leave to amend should be granted depends on a consideration of all the factors in the case, but as this court recently said in Nagler v. Admiral Corporation, 2 Cir., 1957, 248 F.2d 319, 322:

"The drastic remedy here granted for pleading errors is unusual, since outright dismissal for reasons not going to the merits is viewed with

---

1. Order 37 of the General Orders in Bankruptcy provides in part: "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, insofar as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be." 11 U.S.C.A. following section 53.

disfavor in the federal courts. * * (Citing cases.) And this has been true in both English and American law and legal history, for cases are not finally disposed of on mere points of pleading alone. Courts naturally shrink from the injustice of denying legal rights to a litigant for the mistakes in technical form of his attorney."

The record in the instant case does not disclose any factors which would justify the District Court in refusing to permit amendment of the petition by the appellants and we believe that they should be allowed to amend the petition.

The decision of the District Court is reversed and the cause remanded for further proceedings consistent with this opinion.